East'n. District.
*April,* 1826.

VERRET'S
HEIRS
*vs.*
CANDOLLE.
The defendant cannot allege the nullity of the title under which he claims.
The mortgagee creditor may enforce his claim against a third possessor, by an ordinary action.

*VERRET'S HEIRS* vs. *CANDOLLE.*

APPEAL from the court of the second district.

MATHEWS, J., delivered the opinion of the court. This is an action against a third possessor of a slave, on which the plaintiffs claim the rights and privileges resulting (as they allege) from a lien, or tacit mortgage, which they have on said slave. They claim as heirs to one Nicholas Verret, and in support of their capacity as such, they offered in evidence an instrument in writing, purporting to be the last will and testament of their ancestor, wherein they are recognised as his children and instituted heirs. This piece of evidence was rejected on the trial, by the court below, and a judgment of nonsuit being pronounced, the plaintiffs appealed.

The case comes up on a bill of exceptions, taken to the opinion of the judge *a quo*, by which that evidence was excluded. The will seems to have been rejected on account of informalities in its execution, sufficient to render it invalid, and error in admitting it to record without legal proof, &c. In relation to the

alleged nullity of this testament and illegality of its admission to record in the court of probates, we deem it unnecessary to decide in the present suit. It was recorded, and by virtue of power derived from it, the estate of the testator was sold by his executors. At that sale the defendant's vendor became a purchaser of the property now alleged to be in his possession, and on which the plaintiffs seek to enforce their privilege as original sellers. In the suit against the first purchaser he could not have legally insisted on the nullity of the testament under which he claims title to the slave, for he had no interest in setting aside that instrument. His vendee is not placed in a situation which gives any more authority to attack the validity of the will, for it is the foundation of his title. We are therefore of opinion that the evidence was improperly rejected.

East'n. District.
*April*, 1826.

VERRET'S
HEIRS
*vs.*
CANDOLLE.

The suit is commenced in the ordinary mode of petition and citation, which is objected to as erroneous, in the points filed on the part of the appellee. This objection was not pleaded in the answer to the action in the court below, and perhaps ought not now to be noticed; but at all events we believe it to be

East'n. District. untenable, according to the doctrine esta-
*April,* 1826. blished in the case of *Guillet & al.* vs. *Coquet,*

VERRET'S
HEIRS
*vs.*
CANDOLLE.

*vol.* 3, 498.

It is therefore ordered, adjudged, and de-
creed that the judgment of the district court
be avoided, reversed, and annulled; and it is
further ordered, adjudged, and decreed that
the cause be reinstated, and sent back to the
court below, to be tried on its merits, with in-
structions to the judge *a quo* to admit the will
of Nicholas Verret in evidence, and that the
appellee pay costs of appeal.

*Porter* for the plaintiffs, *Conrad* for the de-
fendant.